UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY F. LARKIN,<br><br>    Plaintiff,<br><br>v.<br><br>ELIZABETH J. CABRASER, et al.,<br><br>    Defendants. | Case No. 24-cv-00190-HSG<br><br>**ORDER GRANTING REQUEST TO REOPEN; VACATING ORDER OF DISMISSAL AND JUDGMENT; DENYING REQUEST TO ORDER SERVICE; DIRECTING PLAINTIFF TO SHOW CAUSE WHY IN FORMA PAUPERIS APPLICATION SHOULD NOT BE DENIED**<br><br>Re: Dkt. Nos. 9, 11, 12 |

On or about January 10, 2024, Plaintiff, an inmate housed at Nash Correctional Institution in Nashville, North Carolina, filed this *pro se* action. Dkt. No. 1. On February 26, 2024, the Court dismissed this action and entered judgment against Plaintiff because Plaintiff had neither paid the filing fee nor submitted a complete *in forma pauperis* application. Dkt. Nos. 7, 8. Plaintiff has since filed an *in forma pauperis* application that lacks the required supporting documents – the Certificate of Funds in Prisoner's Account and a copy of his prisoner trust account statement showing transactions for the last six months. Dkt. No. 9. Plaintiff reports that he has made repeated requests to prison for the supporting documents since January 18, 2024, but prison staff have informed him that the request must be made by the Court. Dkt. No. 10. The Court construes Dkt. No. 9 as both a motion to proceed *in forma pauperis* and a motion to reopen this action; and construes Dkt. No. 10 as a request to excuse the failure to filing the supporting documents. Because Plaintiff has shown good cause for his failure to submit the *in forma pauperis* application, the Court GRANTS the motion to reopen, Dkt. No. 9; and directs the Clerk to VACATE the Order of Dismissal and related judgement (Dkt. Nos. 7, 8) and REOPEN this

case.  For the reasons set forth below, the Court ORDERS Plaintiff to show cause why his request to proceed *in forma pauperis* should not be denied pursuant to 28 U.S.C. § 1915(g), and DENIES his request for an order requiring the United States Marshal to effect service, Dkt. No. 12.

## DISCUSSION

### I. Order to Show Cause

#### A. 28 U.S.C. § 1915(g)

This action is governed by the Prison Litigation Reform Act of 1996 ("PLRA") which became effective on April 26, 1996.  The PLRA provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915, i.e., may not proceed *in forma pauperis*, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

For purposes of a dismissal that may be counted under Section 1915(g), the Ninth Circuit gives this guidance:  The phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and apparently means the same thing. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) ( "*Andrews I*").  A case "is frivolous if it is 'of little weight or importance: having no basis in law or fact.'" *Id.* (citation omitted).  "A case is malicious if it was filed with the 'intention or desire to harm another.'" *Id.* (citation omitted).  "Not all unsuccessful cases qualify as a strike under § 1915(g).  Rather, Section 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.* at 1121.  A district court is not required to announce in an order that its dismissal constitutes a strike under Section 1915(g) for that dismissal to later count as a strike. *Id.* at 1119 n.8.

A court may count as strikes dismissals of district court cases as well as dismissals of appeals. *See Rodriguez v. Cook*, 169 F.3d 1176, 1178 (9th Cir. 1999) (prisoner does not get three frivolous claims and three frivolous appeals before being barred by Section 1915(g)). A court may

1  count as two separate strikes dismissals of both the district court case and the appeal in the same
2  case, so long as each dismissal was based on a qualifying reason under Section 1915(g). *See*
3  *Knapp v. Hogan*, 738 F.3d 1106, 1110-11 (9th Cir. 2013) (counting as strike dismissal of appeal
4  that relied on district court findings that appeal was not taken in good faith under Section
5  1915(a)(3), which is equivalent to frivolity). But the dismissal of an appeal may count as a strike
6  only if based on a qualifying reason under § 1915(g). Consequently, an appellate decision that
7  simply affirms the district court, and does not dismiss the appeal on a qualifying reason under
8  Section 1915(g), does not count as a separate strike. *El-Shaddai v. Zamora*, 833 F.3d 1036, 1045
9  (9th Cir. 2016).

10  Generally speaking, a dismissal based on immunity does not constitute a strike because
11  Section 1915(g) omits the immunity language as a ground for a strike. *Harris*, 935 F.3d at 675.
12  There are rare cases where immunity may be so clear on the face of the complaint that dismissal
13  may qualify as a strike for failure to state a claim, or where immunity is so obvious that the suit is
14  frivolous and dismissal counts as a strike. *Id.* at 676. "But these are exceptional cases where the
15  affirmative defense is readily apparent without resort to any additional information outside the
16  four corners of the complaint. Such will rarely be the case with immunity-based defenses." *Id.*;
17  *see Ray v. Lara*, 31 F.4th 692, 699 (9th Cir. 2022) (dismissal on basis of prosecutorial immunity
18  for contents of government's appellate brief constituted strike).

19  In determining whether a prior dismissal counts as a strike, the Court "should look to the
20  substance of the dismissed lawsuit, and not to how the district court labelled or styled the
21  dismissal." *Harris v. Harris*, 935 F.3d 670, 673 (9th Cir. 2019) (internal quotations marks and
22  citation omitted). To be counted as a strike, a case must be dismissed in its entirety as frivolous,
23  malicious or for failure to state a claim. *Id.* at 674. A dismissal based solely on a finding that the
24  plaintiff previously incurred at least three strikes, without any additional finding that the action is
25  itself frivolous, malicious or fails to state a claim, does not count as an additional strike under
26  § 1915(g). *El-Shaddai*, 833 F.3d at 1042.

27  The plain language of the imminent danger clause in Section 1915(g) indicates that
28  "imminent danger" is to be assessed at the time of filing of the complaint. *See Andrews v.*

3

*Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*").  The conditions that existed at some earlier or later time are not relevant.  *Id.* at 1053 & n.5 (post-filing transfer of prisoner out of prison at which danger allegedly existed may have mooted request for injunctive relief against alleged danger, but did not affect Section 1915(g) analysis).  "[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint."  *Ray v. Lara*, 31 F.4th 692, 695 (9th Cir. 2022).  The court "should not make an overly detailed inquiry into whether the allegations qualify for the [imminent danger] exception."  *Andrews II*, 493 F.3d at 1055.  It is sufficient if the complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."  *Id*.

The Ninth Circuit requires that the prisoner be given notice of the potential applicability of Section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that Section 1915(g) does not bar *in forma pauperis* status for him.  *Andrews I*, 398 F.3d at 1120.  *Andrews I* implicitly allows the Court to *sua sponte* raise the Section 1915(g) issue, but requires the Court to notify the prisoner of the earlier dismissals it considers to support a Section 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action.  *Id.*  A dismissal under Section 1915(g) means that a prisoner cannot proceed with his action *in forma pauperis* under Section 1915(g).  However, the prisoner may still pursue his claims if he pays the full filing fee at the outset of the action.

**B.     Prior Strikes**

The Court has reviewed Plaintiff's prior cases[1] and finds that he has at least three cases which were dismissed either as missed as either frivolous, malicious, or for failure to state a claim:

(1)     *Larkin v. Carolina Beach Police Dept., et al.*, C No. 19-ct-3047 (E.D.N.C.) ("*Larkin I*").  In *Larkin I*, Plaintiff sued the Carolina Beach Police Department ("CBPD"), CBPD

---

[1] A district court "may take judicial notice of proceedings in other courts, both within and without the federal judiciary system, if those proceedings have a direct relation to matters at issue."  *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal quotation marks and citations omitted) (granting request to take judicial notice in § 1983 action of five prior cases in which plaintiff was *pro se* litigant, to counter her argument that she deserved special treatment because of her *pro se* status).

4

1  detective Harry B. Humphries, New Hanover County Superior Court Judge W. Allen Cobb, New
2  Hanover County District Attorney Jason W. Smith, and New Hanover County Public Defender
3  Russell Davis, alleging that officers working with the CBPD and the Wrightsville Beach Police
4  Department wrongfully seized his 2000 Chevrolet Corvette on April 21, 2011, and also alleging
5  that Defendants conspired to unlawfully prosecute him in the New Hanover County Superior
6  Court.  The complaint in *Larkin I* was dismissed as "frivolous" pursuant to 28 U.S.C. §
7  1915(e)(2)(B) on the following grounds:  the action was time-barred; as a defense attorney, public
8  defender Davis did not act under color of state law and was therefore not amenable to suit under
9  Section 1983; the claims against district attorney Smith arose out of his prosecutorial duties and
10 were therefore barred by the doctrine of prosecutorial immunity; the claims against Judge Cobb
11 related to the actions or decisions not to act taken in Judge Cobb's judicial capacity and were
12 therefore barred by judicial immunity; and the CBPD was not a person amenable to suit under
13 Section 1983.  *Larkin I*, Dkt. No. 9 (Jun. 20, 2019).  This case qualifies as a strike for failure to
14 state a claim because it is "'an exceptional case[] where the affirmative [immunity] defense is
15 readily apparent without resort to any additional information outside the four corners of the
16 complaint.'"  *Ray*, 31 F.4th at 699 (citing *Harris*, 935 F.3d at 676).

17        (2)   *Larkin v. Juneau, et al.*, C No. 21-303831 (5th Cir. Jul. 29, 2022) ("*Larkin II*").  In
18 *Larkin II*, Plaintiff appealed the district's denial of his motion for an out-of-time appeal.  The Fifth
19 Circuit dismissed the appeal as frivolous:

> Billy F. Larkin appeals the district court's denial of his motion for an out-of-time appeal. To the extent that Larkin seeks reinstatement of his original appeal, his motion should have been filed directly with this court and not in the district court. See 5th Cir. R. 27.1.6; see also United States v. West, 240 F.3d 456, 459 (5th Cir. 2001). In any event, Larkin fails to articulate a nonfrivolous challenge to the district court's denial of his motion for leave to file a second, out-of-time notice of appeal. Accordingly, Larkin's appeal is DISMISSED as frivolous. See 5TH CIR. R. 42.2. Larkin's remaining outstanding motions are DENIED.

24 *Larkin II*, 2022 WL 3010696, at *1 (5th Cir. Jul. 29, 2022).  This case qualifies as a strike within
25 the meaning of Section 1915(g) because appeals dismissed for a qualifying reason under Section
26 1915(g) count as strikes.  *See El-Shaddai*, 833 F.3d at 1045.  Here, the Fifth Circuit dismissed the
27 appeal as frivolous.

28        (3)   *Larkin v. Kelly, et al.*, C No. 5:16-ct-3230-D (E.D.N.C.) ("*Larkin III*").  In *Larkin*

1    *III*, Plaintiff sued the Wrightsville Beach Police Department and Chris Kelly, an officer with the
2    Wrightsville Beach Police Department, alleging that, on April 13, 2011, they illegally seized his
3    2000 Chevrolet Corvette from his place of residence.  The *Larkin III* court dismissed the action as
4    frivolous because it was duplicative of his earlier-filed case, *Larkin v. Wrightsville Police Dep't.,*
5    *et al.*, C No. 5:15-ct-3065-BO (E.D.N.C.), which also challenged the April 2011 seizure of his car.
6    *See Larkin III*, Dkt. No. 8 (E.D.N.C. Jun. 13, 2017).  This case qualifies as a strike within the
7    meaning of Section 1915(g) because it was dismissed as frivolous.  *Andrews I*, 398 F.3d at 1121;
8    *see also Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (recognizing that
9    duplicative complaint is either frivolous or malicious).

10   Because Plaintiff has had at least three cases dismissed that count as "strikes" pursuant to
11   28 U.S.C. § 1915(g), he may not proceed *in forma pauperis* in this action unless he demonstrates
12   that he was in imminent danger of serious physical injury at the time he filed the complaint.  As
13   discussed below, Plaintiff has not alleged, much less demonstrated, that he was in imminent
14   danger of serious physical injury at the time he filed the complaint.

15   **C.    Analysis**

16   The complaint names as defendants approximately 22 attorneys and their law firms, as
17   well as John Doe attorneys and their law firms.  The complaint alleges that Defendants were
18   involved in the Deepwater Horizon Economic and Property Settlement, and engaged in fraud and
19   legal malpractice and breached the settlement agreement, resulting in termination of Plaintiff's
20   claim for recovery from the settlement.[2]  Plaintiff is not at risk of serious physical injury from the

---

[2] This is not the first time that Plaintiff has filed a lawsuit concerning his inability to recover on a claim filed with respect to the Deepwater Horizon / Macondo Well oil spill in the Gulf of Mexico. Plaintiff has previously filed other actions against other persons, challenging the denial of his claim.  In *Larkin et al v. Juneau et al.*, C No. 2:19-cv-10295-CJB-DPC (E.D. La.) ("*Larkin IV*"), Plaintiff sued (1) Patrick Juneau, the Claims Administrator for the Gulf Coast Claims Facility ("GCCF"), an entity established in August 2010 to receive, process, determine, and pay (or reject) claims arising from the DEEPWATER HORIZON/Macondo Well oil spill in the Gulf of Mexico; (2) British Petroleum Exploration & Production, Inc.; and (3) British Petroleum American Production Company, alleging that they engaged in gross neglect and intentional discrimination when notices of the denials of his claims were sent to his Savannah, Georgia address, as opposed to the prisons where Plaintiff was incarcerated.  *Larkin IV* was consolidated with the multidistrict litigation, *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL 2179 (E.D. La.), because the MDL has exclusive jurisdiction over challenges to the administration, execution, and enforcement of the Deepwater Horizon Economic and Property

1  denial of his claim for monetary recovery from the Settlement.  The complaint does not allege –

2  and cannot plausibly allege – that Plaintiff faced imminent danger of serious physical injury from

3  Defendants on January 1, 2024, the date Plaintiff signed his complaint,[3] due to Defendants'

4  involvement in the denial of his claim for monetary recovery from the Settlement.  *Ray*, 31 F.4th

5  at 695 (Section 1915(g) imminent danger exception requires nexus between alleged imminent

6  danger and prisoner's complaint).  Accordingly, within **twenty-eight (28) days** of the date of this

7  order, Plaintiff shall show cause why his request for leave to proceed *in forma pauperis* should not

8  be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915.

**II.    Requests for Service (Dkt. No. 11, 12)**

Plaintiff has requested that the Court order the United States Marshal to effect service on Defendants.  Dkt. Nos. 11, 12.  This request is DENIED as premature.  If Plaintiff is granted leave to proceed *in forma pauperis* and his complaint states cognizable claims, the Court will order the United States to effect service of the complaint pursuant to 28 U.S.C. § 1915(d).  However, at this time, it is unclear whether Plaintiff is barred from proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(g).  The Court will not screen the complaint unless Plaintiff is granted leave to proceed *in forma pauperis*.

**CONCLUSION**

For the reasons set forth above, the Court orders as follows.

1.    The Court has construed Dkt. No. 9 as both a motion to reopen and a motion for leave to proceed in forma pauperis.  For the reason set forth above, the Court GRANTS the motion to reopen.  The Clerk is directed to VACATE the Order of Dismissal and related judgement (Dkt. Nos. 7, 8) and REOPEN this case.

---

Damages Settlement Agreement, pursuant to which *Larkin IV* sought damages.  On December 16, 2020, the MDL court reviewed the complaint in Larkin IV and dismissed *Larkin IV* both for being frivolous and for failing to state a claim within the meaning of 28 U.S.C. § 1915(e)(2)(B).  *Larkin IV*, Dkt. No. 19 (E.D. La. Dec. 16, 2020).  This action appears to be duplicative of *Larkin IV*, and may therefore may be subject to dismissal under 28 U.S.C. § 1915 as malicious.  *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (*in forma pauperis* complaint repeating same factual allegations asserted in earlier case, even if now filed against new defendants, is subject to dismissal as duplicative).
[3] Dkt. No. 1 at 19.

United States District Court
Northern District of California

2.	The Court orders Plaintiff to show cause, within **twenty-eight (28) days** of the date of this order, why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915.  Failure to respond in accordance with this order will result in dismissal of this action without further notice to Plaintiff pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a court order.

3.	The Court DENIES Plaintiff's request that the Court order the United States Marshal to effect service on Defendants.  Dkt. Nos. 11, 12.

This order terminates Dkt. Nos. 11, 12.

**IT IS SO ORDERED.**

Dated:  March 12, 2024

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge