UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY F. LARKIN,<br><br>        Plaintiff,<br><br>v.<br><br>ELIZABETH J. CABRASER, et al.,<br><br>        Defendants. | Case No. 24-cv-00190-HSG<br><br>**ORDER ADDRESSING PENDING MOTIONS; REQUIRING PLAINTIFF TO EFFECT SERVICE**<br><br>Re: Dkt. Nos. 9, 15, 19, 21, 22 |

Plaintiff, an inmate housed at Nash Correctional Institution in Nashville, North Carolina, has filed this *pro se* action. For the reasons set forth below, the Court DENIES as moot Plaintiff's request for leave to proceed *in forma pauperis*, Dkt. No. 9; DENIES as moot Plaintiff's request to reopen this action, Dkt. No. 15; DENIES Plaintiff's motion to stay the proceedings and for the United States Marshal to effect service, Dkt. No. 19; GRANTS Plaintiff's request for an extension of time to effect service, Dkt. No. 19; DENIES Plaintiff's request that service requirement be waived and that the summons and complaint be issued electronically to Defendants, Dkt. No. 21; DENIES Plaintiff's request for class certification, Dkt. No. 22; and ORDERS Plaintiff to effect service by September 30, 2024.

**DISCUSSION**

**I.   Procedural History**

Plaintiff filed this action on or about January 10, 2024. Dkt. No. 1. That same day, the Court sent Plaintiff a notice that the action was deficient because he had not paid the filing fee or filed an application for leave to proceed *in forma pauperis*. Dkt. No. 2. The Court informed Plaintiff that he should correct this deficiency by February 7, 2024, or the action would be dismissed. *Id.* The Court sent Plaintiff a blank *in forma pauperis* application form. *Id.* On

1    February 26, 2024, the Court dismissed this action and entered judgment against Plaintiff because
2    Plaintiff had neither paid the filing fee nor submitted a complete *in forma pauperis* application.
3    Dkt. Nos. 7, 8.
4          On March 12, 2024, after receiving an incomplete *in forma pauperis* application from
5    Plaintiff, Dkt. No. 9, along with what the Court construed as a request to excuse the failure to
6    submit the required supporting documents, Dkt. No. 10, the Court reopened this action, deemed
7    Plaintiff's *in forma pauperis* application (Dkt. No. 9) complete, and ordered Plaintiff to show
8    cause why his request to proceed *in forma pauperis* should not be denied pursuant to 28 U.S.C. §
9    1915(g).  Dkt. No. 13.  In this same order, the Court denied as premature Plaintiff's request that
10   the United States Marshal effect service on Defendants, stating that the Court would order the
11   United States Marshal to effect service if Plaintiff were granted leave to proceed *in forma pauperis*
12   and the Court found that the complaint stated cognizable claims.  *Id.*
13         On March 25, 2024, Plaintiff filed a motion to reopen the action, based on payment of the
14   filing fee.  Dkt. No. 15.  On March 26, 2024, the Court received Plaintiff's filing fee.  Dkt. No. 16.
15   On March 27, 2024, Plaintiff filed a response to the Court's March 12, 2024 Order to Show Cause.
16   Dkt. No. 17.
17         On April 11, 2024, Plaintiff filed a motion requesting that the Court stay these
18   proceedings, that the Court extend his time to effect service, and that the Court order the United
19   States Marshal to effect service on his behalf.  Dkt. No. 19.
20   **II.    Complaint**
21         The complaint names as defendants approximately 22 attorneys and their law firms, as
22   well as John Doe attorneys and their law firms.  The complaint alleges that Defendants were
23   involved in the Deepwater Horizon Economic and Property Settlement, and that Defendants
24   engaged in fraud and legal malpractice and breached the settlement agreement, resulting in
25   termination of Plaintiff's settlement recovery claim.  Specifically, Plaintiff alleges that Defendants
26   crated a settlement framework that fraudulently concealed his claim number and failed to establish
27   specific procedures to notify authorized business representatives and current right holders,
28   resulting in the settlement program failing to mail the claim denial notices to his prison address.

Plaintiff alleges that he did not learn of the claims raised in this action until March 2023, when Nash Correctional Institution provided him with a tablet that allowed him to conduct legal research, which revealed to him that Defendants' fraudulent and illegal acts had caused the wrongful termination of his recovery claim.  *See generally* Dkt. No. 1.

**III.     C No. 19-10295,** ***In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* ("*Larkin I*")**

On May 7, 2019, Plaintiff filed a complaint in the Eastern District of Louisiana, on behalf of himself and Hotel Security Specialists, LLP, a business he allegedly owned and operated. C No. 19-10295, *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* (E.D.La.) ("*Larkin I*"), Dkt. No. 1.  The complaint named as defendants Patrick Juneau, the claims administrator for the BP Exploration and Production, Inc., and BP American Production Company over the Deepwater Horizon Oil Spill.  The complaint alleged that Mr. Juneau had displayed gross negligence in sending the denials of Plaintiff's claims to the address listed on the application, instead of to the prisons where Plaintiff was incarcerated at the time.  *Id.* On December 16, 2020, Plaintiff's claims were rejected on the merits in a reasoned order, and the action was dismissed both as frivolous and for failure to state a claim, within the meaning of 28 U.S.C. § 1915(e)(2)(B).  *Larkin I*, Dkt. No. 19.

**IV.     Denying as Moot Request to Proceed In Forma Pauperis (Dkt. No. 9) and Request to Reopen (Dkt. No. 15)**

Plaintiff has filed a request to proceed *in forma pauperis*, Dkt. No. 9, and a request to reopen this action, Dkt. No. 15.  The Court DENIES these motions as moot.  Plaintiff has paid the filing fee, and the Court reopened this action on March 12, 2024.

**V.     Request to Stay Action, Extend Time for Service, and Order United States Marshal to Effect Service (Dkt. No. 19); and Request for Waiver of Service Requirement and that Summons and Complaint Be Issued Electronically on Defendants (Dkt. No. 21)**

Plaintiff has requested that the Court stay this action; extend the time for service "for an appropriate period," and order the United States Marshal to effect service on his behalf.  Plaintiff states that timely service is impossible due to his incarceration "and beyond Plaintiff's control."

3

Dkt. No. 19. Plaintiff has also requested that the Court waive the service requirement, issue the summons and complaints electronically to Defendants via the Court's Electronic Filing System, and find that the electronic transmission constitutes service. Dkt. No. 21.

**Request to Extend Time to Effect Service (Dkt. No. 19).** The Court GRANTS Plaintiff's request to extend the time to effect service. Fed. R. Civ. P. 4(m) provides that if service of the summons and complaint is not made upon a defendant in 90 days after the filing of the complaint, the action must be dismissed without prejudice as to that defendant absent a showing of "good cause." Fed. R. Civ. P. 4(m). Because this action was reopened on March 12, 2024, the 90-day deadline for effecting service was June 10, 2024. In the interests of justice, the Court GRANTS an extension of time to September 30, 2024 to effect service. Failure to effect service by September 30, 2024, will result in dismissal of this action pursuant to Fed. R. Civ. P. 4(m) without further notice to Plaintiff unless he can demonstrate good cause for the failure to serve. Plaintiff's incarceration, by itself, is insufficient to constitute good cause because California law provide for alternatives to personal service.

**Request that United States Marshal Effect Service (Dkt. No. 19).** The Court DENIES Plaintiff's request that the Court order the United States Marshal to effect service. District judges have no obligation to act as counsel or paralegal to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). "He who proceeds pro se with full knowledge and understanding of the risks does so with no greater rights than a litigant represented by a lawyer, and the trial court is under no obligation to become an 'advocate' for or to assist and guide the pro se layman through the trial thicket." *Jacobsen v. Filler*, 790 F.2d 1362, 1365 (9th Cir. 1986). The Court declines to expend the resources of the United States Marshal in serving over 40 defendants throughout the United States as this action appears to be frivolous as a matter of law for the following reasons. First, this case appears to be duplicative of *Larkin I*. Second, this case appears to be improperly filed in this Court because it involves a dispute arising out of, or related to, the interpretation, enforcement, or implementation of the Deepwater Horizon Economic and Property Damages Settlement Agreement ("Settlement") and the Settlement provides that the Eastern District of Louisiana retains "continuing and exclusive jurisdiction to interpret, implement, administer and enforce the

1  Settlement Agreement, in accordance with its terms, and to implement and complete the claims
2  administration and distribution process." C No. 2:10-md-02179-CJB-DPC, *In re: Oil Spill by the*
3  *Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010,* Dkt. No. 8139 (Dec. 21,
4  2012).  Third, it is unclear how Plaintiff can bring California state-law claims against the non-
5  California defendants, as there is no allegation that the non-California defendants were operating
6  in the State of California with respect to the relevant incidents.  Fourth, this action appears to be
7  untimely.  In California, there is a three-year statute of limitations for bringing fraud claims, and a
8  one-year statute of limitations for bringing a legal malpractice claim.  *See* Cal. Civ. Proc. § 338(d)
9  (fraud claims); Cal. Civ. Proc. § 340.6 (legal malpractice).  Plaintiff's claim that he only learned of
10 Defendants' involvement in crafting the claims recovery process in March 2023 when he obtained
11 access to a tablet that allowed him to conduct legal research is dubious at best.  Plaintiff is a
12 frequent litigant, and has filed at least five actions or appeals in federal court since 2014.  *See, e.g.,*
13 C No. 5:2014-ct-03056, *Larkin v. Wrightsville Police Department et al*. (E.D.N.C.); C No. 5:2016-
14 ct-03230, *Larkin v. Kelly et al.* (E.D.N.C.); C No. 5:2019-ct-03047, *Larkin v. Carolina Beach*
15 *Police Dep't. et al.* (E.D.N.C.); C No. 2:2019-cv-10295, *Larkin et al v. Juneau et al*. (E.D.La.); C
16 No. 1:2019-cv-01638, *Larkin v. Adair, et al*. (D.D.C.); C No. 21-cv-30381, *Larkin v. Juneau, et al.*
17 (5th Cir.); C No. 23-cv-30071, *In re Larkin* (5th Cir.).  It seems unlikely that Plaintiff was unable
18 to conduct legal research previously or was unaware of the possibility that the named defendants,
19 who appear to be members of the Plaintiffs' Steering Committee in the Deepwater Horizon
20 Settlement, were involved in designing the claims process.  While the Court is sensitive to the
21 limitations posed by Plaintiff's incarceration, California law allows for service by methods other
22 than personal service, and Plaintiff may be able to effect service via these methods despite the
23 limitations of incarceration.  *See, e.g.,* Cal. Civ. Proc. §§ 415.20 (leaving copy of summons and
24 complaint at office, dwelling house, usual place of abode or business, or usual mailing address;
25 mailing copy); 415.30 (service by mail).

26 **Request to Stay Action (Dkt. No. 19).**  The Court DENIES Plaintiff's request to stay this
27 action.  Plaintiff has not explained why a stay is needed.  To the extent that Plaintiff is seeking to
28 stay this action until service is effected, this request is also denied.  It is Plaintiff's responsibility to

timely prosecute this action, including effecting service. Moreover, the Court has granted Plaintiff an extension of time to effect service.

**Request for Waiver of Service Requirement and Electronic Issuance of the Summons and Complaint (Dkt. No. 21).** The Court DENIES Plaintiff's request that the Court waive the service requirement, issue the summons and complaints electronically to Defendants via the Court's Electronic Filing System, and find that the electronic transmission constitutes service. Dkt. No. 21. Plaintiff argues that the complexity of this action and his incarceration requires that procedural rules "give way," and requests "a one-time courtesy, a waiver of constitutional service, via the Court's electronic filing system, or in other electronic form." Dkt. No. 21. "'Ninth Circuit law dictates that alternative means of service are permissible pursuant to Rule 4(e)(1) and Cal. Civ. Proc. Code § 413.30 when plaintiffs' reasonable attempts to effect service via expressly sanctioned techniques have failed." *Morton v. Twitter, Inc.*, C No. CV 21-7145-GW-JEMX, 2022 WL 19569525, at *1 (C.D. Cal. Dec. 20, 2022) (citing *Creative Intellects v. Haygood*, C No. 2:21-cv-02670-RGK-AFM, 2021 WL 3568237, at *2 (C.D. Cal. July 23, 2021)).[1] Here, Plaintiff has not yet made any attempts to effect service, and there is no indication that such efforts will be unsuccessful.

## VI. Request to Proceed as Class Action (Dkt. No. 22)

Plaintiff argues that "[t]his action is appropriate as a class action pursuant to Rule 23(c)(1) of the Federal Rules of Civil Procedure" and requests that the Court enter an order determining that this action may be maintained as a class action. Dkt. No. 22. The Court DENIES Plaintiff's request to maintain a class action because *pro se* prisoner plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of the class. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent

---

[1] Cal. Civ. Proc. Code § 413.30 provides that "[w]here no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court." Cal. Civ. Proc. Code § 413.30.

6

anyone other than himself").

## CONCLUSION

For the reasons set forth above, the Court orders as follows.

1. The Court DENIES as moot Plaintiff's request to proceed *in forma pauperis*, Dkt. No. 9, and his request to reopen this action, Dkt. No. 15.

2. The Court DENIES Plaintiff's request to stay this action and to order the United States Marshal to effect service, Dkt. No. 19; and DENIES Plaintiff's request that the Court waive the service requirement and electronically issue the summons and complaints to Defendants, Dkt. No. 21.

3. The Court DENIES Plaintiff's request to proceed as a class action. Dkt. No. 22.

4. The Court GRANTS Plaintiff's request to extend the time to effect service. Dkt. No. 19. Plaintiff must effect service by September 30, 2024. Failure to effect service by September 30, 2024, will result in dismissal of this action pursuant to Fed. R. Civ. P. 4(m) without further notice to Plaintiff unless he can demonstrate good cause for the failure to serve.

This order terminates Dkt. Nos. 9, 15, 19, 21, 22.

**IT IS SO ORDERED.**

Dated: 8/1/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge