UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY F. LARKIN,<br><br>   Plaintiff,<br><br> v.<br><br>ELIZABETH J. CABRASER, et al.,<br><br>   Defendants. | Case No. 24-cv-00190-HSG<br><br>**ORDER DENYING RENEWED MOTION FOR SERVICE BY UNITED STATES MARSHAL; DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION; GRANTING REQUEST FOR COPIES OF SUMMONS; DENYING REQUEST TO SIGN AND ISSUE DOCUMENTS FILED AT DKT. NOS. 27, 28, 29; GRANTING EXTENSION OF TIME TO EFFECT SERVICE**<br><br>Re: Dkt. Nos. 23, 25-30 |

Plaintiff, an inmate housed at Nash Correctional Institution in Nashville, North Carolina, has filed this *pro se* action. For the reasons set forth below, the Court DENIES Plaintiff's renewed motion for service by the United States Marshal, Dkt. No. 23; GRANTS Plaintiff's request for copies of the complaints and summons forms, Dkt. No. 25; DENIES Plaintiff leave to file to file a motion for reconsideration of the Court's August 1, 2024 Order, Dkt. No. 26; DENIES Plaintiff's request to issue the documents filed at Dkt. Nos. 27, 28, 29; and GRANTS Plaintiff's request for an extension of time to December 30, 2024 to effect service. Dkt. No. 30.

**DISCUSSION**

**I. Background**

In this action, Plaintiff sues approximately 22 attorneys and their law firms, as well as John Doe attorneys and their law firms, alleging that their involvement in the Deepwater Horizon Economic and Property Settlement constituted fraud and legal malpractice, breached the settlement agreement, and caused the wrongful termination of Plaintiff's settlement recovery

claim. *See generally* Dkt. No. 1. Plaintiff has paid the filing fee. Dkt. No. 16.

On August 1, 2024, in a reasoned order, the Court denied Plaintiff's request for an order directing the United States Marshal to effect service, stating that the Court declined to expend the resources of the United States Marshal in serving over 40 defendants throughout the United States as the action appeared to be frivolous as a matter of law. The Court also denied Plaintiff's request to waive the service requirement and electronically issue the summons and complaints to Defendants. The Court ordered Plaintiff to effect service by August 19, 2024, stating that failure to effect service by August 19, 2024, would result in dismissal of this action pursuant to Fed. R. Civ. P. 4(m) without further notice to Plaintiff unless he could demonstrate good cause for the failure to serve. *See generally* Dkt. No. 24.

**II.     Denying Renewed Request for Service by the United States Marshal (Dkt. No. 23)**

Prior to the Court's August 1, 2024 Order, Plaintiff had filed a renewed request for service by the United States Marshal, and also asked to be allowed to serve the complaint electronically. Dkt. No. 23. This request is substantively identical to the request for service by the United States Marshal, docketed at Dkt. No. 19; and the request for electronic service on Defendants, docketed at Dkt. No. 21. Dkt. Nos. 19 and 21 were denied in the Court's August 1, 2024 Order. For the reasons set forth in the Court's August 1, 2024 Order, the Court DENIES Plaintiff's renewed request for service by the United States Marshal and request to be allowed to serve the complaint electronically. Dkt. No. 23.

**III.    Request for Reconsideration (Dkt. No. 26)**

Plaintiff has filed a pleading titled "Motion for Reconsideration." Dkt. No. 26. In this motion, Plaintiff states that he seeks to correct "clear error of facts." The motion challenges the Court's reasoning for why this action may be frivolous as a matter of law; argues that he should be allowed to proceed as a class action and serve as the class representative because he is uniquely qualified to present this new class victimized by Defendants' fraudulent acts and because the advent of electronic technology obviates the concerns identified by the Court; and that the magnitude of this action requires a departure from the traditional methods of service to protect Plaintiff's timely access to the courts. *See generally* Dkt. No. 26. Because judgment has not been

2

entered in this case, Plaintiff is required to obtain leave of court because filing a motion for reconsideration. N.D. Cal. L.R. 7-9. The Court therefore construes this motion as a request for leave to file a motion for reconsideration and DENIES the request for the following reasons. Plaintiff has failed to show either (1) a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order, as required by N.D. Cal. L.R. 7-9. With respect to Plaintiff's arguments challenging the Court's statements regarding the possibility of this action being frivolous as a matter of law, Plaintiff is advised that the Court has made no legal determinations regarding the merits of Plaintiff's actions. Plaintiff's allegations that he represents a new class of claimants and this action presents legal issues of great magnitude are suspect at best, given that there has already been a lengthy class action regarding to the Deepwater Horizon Spill. The Court DENIES Plaintiff leave to file a motion for reconsideration of the Court's denial of his request to proceed as a class action and denial of his request to serve Defendants electronically. Dkt. No. 26.

**IV.     Dkt. Nos. 25, 27, 28, 29**

The Court GRANTS Plaintiff's request that the Court send him 22 copies of the form summons and the complaint so that he may effect service. Dkt. No. 25. The Court has sent these copies under separate cover. The Court DENIES Plaintiff's request that the Clerk of the Court sign and affix the Court's seal to the hand-written summons filed at Dkt. Nos. 27, 28, 29. Dkt. Nos. 27, 28, 29. The Court has sent Plaintiff the form summons under separate cover. Plaintiff should fill out the court's form summons and return to the court for signature and issuance.

**V.      Request for Extension of Time to Effect Service (Dkt. No. 30)**

The Court GRANTS Plaintiff's request for an extension of time to December 30, 2024, to effect service on Defendants. Dkt. No. 30.

## CONCLUSION

For the reasons set forth above, the Court ORDERS as follows.

1. The Court DENIES Plaintiff's renewed request for service by the United States Marshal and request to be allowed to serve the complaint electronically. Dkt. No. 23.

2. The Court construes Dkt. No. 26 as a request for leave to file a motion for reconsideration, and DENIES the request. Dkt. No. 26.

3. The Court GRANTS Plaintiff's request that the Court send him 22 copies of the summons and the complaint so that he may effect service. Dkt. No. 25. The Court has sent these copies under separate cover.

4. The Court DENIES Plaintiff's request to sign and issue the documents docketed at Dkt. Nos. 27, 28, 29. Dkt. Nos. 27, 28, 29.

5. The Court GRANTS Plaintiff's request for an extension of time to December 30, 2024 to effect service. Dkt. No. 30. Plaintiff must effect service by December 30, 2024. Failure to effect service by December 30, 2024, will result in dismissal of this action pursuant to Fed. R. Civ. P. 4(m) without further notice to Plaintiff unless he can demonstrate good cause for the failure to serve.

This order terminates Dkt. Nos. 23, 25-30.

**IT IS SO ORDERED.**

Dated: 10/4/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge